UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                      Case No. 05-cr-282-01-JD

Edward Ware


**O R D E R**

    Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 25).  For the reasons stated below, the motion to reduce sentence is DENIED.

    On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine.  Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is  presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  Based on his career offender status, his adjusted offense level was 32, which was reduced three levels for acceptance of responsibility and, after granting a downward departure the defendant received the following sentence: 64 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and 3 years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain

unaffected.  Applying the retroactive application of the crack cocaine amendment to this sentence, the defendant receives a two level reduction in his base offense level from level 24 to level 22, but there is no reduction in his total offense level because he was deemed to be a career offender.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's guideline range.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 25) is DENIED.

**SO ORDERED.**

Date:  April 3, 2008          /s/ Joseph A. DiClerico, Jr.
                              Joseph A. DiClerico, Jr.
                              United States District Judge


cc:  Edward Ware, pro se
     Counsel of Record